IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JUAN JOSE HERMOSILLO VARGAS, | § | |
| TDCJ-CID NO. 1193144, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | |
| | § | C.A. NO. C-05-378 |
| DOUG DRETKE, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
|     Respondent. | § | |

**MEMORANDUM AND RECOMMENDATION
TO GRANT RESPONDENT'S MOTION FOR SUMMARY JUDGMENT**

In this habeas corpus action, petitioner challenges his continued confinement by the Texas Department of Criminal Justice Correctional Institutions Division ("TDCJ-CID") in lieu of deportation. (D.E. 1). Respondent moves the Court for summary judgment on the grounds that petitioner's claims are unexhausted, time barred, and without merit. (D.E. 16). Petitioner has not filed a response to respondent's motion for summary judgment.[1]

It is respectfully recommended that the Court grant respondent's motion for summary judgment because petitioner's claims are unexhausted, time barred, and

---

[1] Pursuant to Local Rule 7.4, failure to respond is taken as a representation of no opposition.

meritless.

## I.  JURISDICTION

The Court has jurisdiction pursuant to 28 U.S.C. § 2241 and § 2254.

## II.  BACKGROUND

The Director has lawful custody of petitioner pursuant to a judgment and sentence of the 23rd Judicial District Court of Brazoria County, Texas, in cause number 28,076.  (D.E. 16, at Ex. A).  Petitioner was indicted for three counts of sexual assault that occurred on July 2, 1991.  Id. at *1-3.  He pleaded guilty to one count of aggravated sexual assault, and two counts of aggravated sexual assault of a child.  Id.  On August 8, 2003, he was sentenced to fifteen years confinement for each offense, which the trial judge ordered to run concurrently.  Id.

Petitioner is not complaining about his underlying conviction, but rather challenges his continued confinement by TDCJ-CID as unconstitutional because he was ordered removed from the United States in immigration proceedings.  (D.E. 1, at 3-5).  On January 6, 2004, petitioner was personally served with notice that removal proceedings were being commenced against him by the United States pursuant to the Immigration and Nationality Act based on his conviction of an aggravated felony.  (D.E. 16, Ex. D, at *1).  On February 13, 2004, he received notice that a removal hearing was being held on March 10, 2004 in immigration court.  Id. at *3.

At the March 10 hearing, the immigration judge ordered that petitioner be removed from the United States to Mexico. Id. at *4.  The immigration judge also noted that petitioner had waived his right to appeal. Id.  Petitioner wrote the immigration court complaining that his deportation was being delayed because the immigration judge had ordered that he be deported by March 10, 2004, but he was still being held by TDCJ-CID.  Id. at *6.

On October 26, 2004, the United States Department of Justice's Executive Office for Immigration Review ("DOJ") responded to petitioner's request that he be immediately deported in accordance with the immigration judge's order.  Id. at *7.  The DOJ's letter stated that he would not be deported until he had completed his sentence with TDCJ-CID.  Id.  It further stated that his estimated parole date will be December 11, 2017, and that when he was released from TDCJ-CID's custody, the Bureau of Immigration and Customs Enforcement would transport him to Mexico.  Id.

Petitioner filed this habeas corpus action on July 29, 2005.  (D.E. 1).

### III.  PETITIONER'S ALLEGATIONS

Petitioner raises three grounds for relief in this petition.  (D.E. 1, at 2-4).  First, he argues that he was denied his due process rights because TDCJ-CID has disregarded the immigration judge's order that he be deported on March 10, 2004.  Id. at 3.  Second, he argues that his continued confinement without a hearing by the

immigration court violates his due process rights. Id. at 2, 4. Finally, he appears to argue that he is has been denied time credits, and release on mandatory supervision. Id. at 2.

## IV.  EXHAUSTION OF STATE REMEDIES

Petitioner's writ of habeas corpus is subject to review pursuant to the provisions of the Antiterrorism and Effective Death Penalty Act ("AEDPA"). Lindh v. Murphy, 521 U.S. 320, 336 (1997) (holding that AEDPA applies to habeas petitions filed after its effective date of April 24, 1996). Pursuant to AEDPA, a federal writ of habeas corpus from an individual in state custody shall not be granted unless the individual has exhausted his remedies in the state courts, or there is an absence of state court remedies, or circumstances render the state's remedies insufficient to protect the individual's rights. 28 U.S.C. § 2254(b)(1).  The exhaustion requirement of § 2254 ensures that state courts have an opportunity to consider federal law challenges to state custody before the federal courts can entertain such assertions. Coleman v. Thompson, 501 U.S. 722, 731 (1991).

Respondent argues that petitioner has not exhausted his claims, and therefore, his claims should be dismissed as unexhausted. (D.E. 16, at 7-8). He claims that petitioner did not file a time credit dispute, or state application for writ of habeas corpus. Id. at 8. He concedes that federal habeas review is available when there is a lack of appropriate state remedies, but argues that petitioner "has

failed to argue, much less establish, extraordinary circumstances, futility of the state process, or actual prejudice." Id.

Petitioner did not present any of his claims to the state court, or any other state authority. He argues that the denial of his due process rights "present exceptional circumstances" that make the need for habeas relief apparent. (D.E. 1, at 1). He does not argue, or provide any evidence that there was a lack of state corrective processes to remedy his complaints. It is respectfully recommended that the Court find petitioner has not exhausted his claims.

Finally, "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2). Based on the following analysis, it is respectfully recommended that all of petitioner's claims be denied as meritless.

## V.  STANDARD OF REVIEW

**A.     Federal Habeas Corpus Review.**

To warrant federal habeas corpus review, a state prisoner must satisfy two jurisdictional prerequisites: first, that he is in custody, and second, that his claims challenge the constitutionality of that custody.[2] 28 U.S.C. § 2241(c)(3), § 2254(a); see also Gray v. Lynn, 6 F.3d 265 (5th Cir. 1993) (state prisoner must assert a

---

[2] See 1 James S. Liebman & Randy Hertz, Federal Habeas Corpus Practice and Procedure § 9.1 (1998) (identifying the two jurisdictional prerequisites as "custody" and "substance, or federal question").

violation of a federal constitutional right to obtain review of state decision pursuant to 28 U.S.C. § 2254); Boyd v. Scott, 45 F.3d 876 (5th Cir. 1994) (a federal writ of habeas corpus is available to a state prisoner only on the ground that he is in custody in violation of the Constitution or laws and treaties of the United States). Appropriate habeas corpus claims are those that call into question the fact, length, or conditions of the petitioner's custody and seek an immediate or speedier release. See Preiser v. Rodriguez, 411 U.S. 475, 498 (1973); Jackson v. Torres, 720 F.2d 877, 879 (5th Cir. 1983) (per curiam).

**B.      Motion For Summary Judgment.**

Rule 56 of the Federal Rules of Civil Procedure applies to habeas corpus cases. Clark v. Johnson, 202 F.3d 760, 764 (5th Cir. 2000). Summary judgment is appropriate when there is no disputed issue of material fact and one party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The court must consider the record as a whole by reviewing all pleadings, depositions, affidavits, and admissions on file, and by drawing all reasonable inferences in favor of the party opposing the motion. Caboni v. Gen. Motors Corp., 278 F.3d 448, 451 (5th Cir. 2002).

The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, if any,

which it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Williams v. Adams, 836 F.2d 958, 960 (5th Cir. 1988). The controverted evidence must be viewed in the light most favorable to the non-movant, and all reasonable doubts must be resolved against the moving party. Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990).

If the moving party makes the required showing, then the burden shifts to the non-movant to show that summary judgment is not appropriate. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Fields v. City of S. Houston, 922 F.2d 1183, 1187 (5th Cir. 1991). The non-movant cannot rest on the mere allegations of the pleadings to sustain his burden, but must set forth material controverted facts in his response to the motion for summary judgment. Fed. R. Civ. P. 56(e); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986). Summary judgment is proper if the non-movant fails to make a showing sufficient to establish the existence of an element essential to his case on which he bears the burden of proof. ContiCommodity Servs., Inc. v. Ragan, 63 F.3d 438, 441 (5th Cir. 1995); Celotex, 477 U.S. at 322-23.

## VI.  DISCUSSION

**A.     AEDPA's Statute Of Limitations.**

Pursuant to AEDPA, state prisoners have a one-year statute of limitations period within which to file a petition for federal habeas corpus relief. This

limitations period runs from the latest of four alternative dates:

>    (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>    (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>    (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>    (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

### 1. Petitioner's Claims Are Untimely.

Respondent argues that petitioner's claims are untimely because he filed his federal habeas petition over four months after AEDPA's one-year statute of limitations had expired. (D.E. 16, at 4-6). Respondent argues that AEDPA's one-year statute of limitations began to run on March 10, 2004, and that for this petition to be considered timely filed, petitioner would have had to file it by March 10, 2005. Id. at 5; see also 28 U.S.C. § 2244(d)(1)(D).

On March 10, 2004, the immigration court ordered petitioner removed from

the United States to Mexico. Id. at Ex. D, *1. The immigration judge provided a written summary of his oral decision for the parties. Id. Petitioner has not provided any explanation as to why he was not on notice that he would only be deported after he completed his sentence with TDCJ-CID.

It is respectfully recommended that the Court find that all of petitioner's claims are time barred, because he has failed to show that the factual predicate underlying his claims could not have been discovered by due diligence, and therefore, AEDPA's one-year statue of limitations expired prior to his filing of this petition. See 28 U.S.C. § 2244(d)(1)(D).

**2.     Petitioner Is Not Entitled To Equitable Tolling.**

Additionally, petitioner has neither stated a claim for equitable tolling, nor is he entitled to equitable tolling.

AEDPA's one-year statute of limitations period is not jurisdictional and is subject to equitable tolling. Molo v. Johnson, 207 F.3d 773, 775 (5th Cir. 2000) (per curiam). Equitable tolling, however, is permissible only under "rare and exceptional" circumstances. Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998). In Davis, the Fifth Circuit permitted equitable tolling where the petitioner, a death penalty defendant whose attorney became incapacitated, diligently pursued his habeas corpus remedy, but erroneously relied on multiple extensions of time to file his petition. Id. at 811-12.

Notwithstanding Davis, the Fifth Circuit has rarely found exceptional circumstances to justify equitable tolling. See, e.g., Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000) (no equitable tolling due to confiscation of legal materials and inadequate library where petitioner failed to pursue relief for six months prior to expiration of limitations); Grooms v. Johnson, 208 F.3d 488, 489-90 (5th Cir. 1999) (per curiam) (no equitable tolling for second habeas petition more than one-year after first petition was dismissed for failure to exhaust); Felder v. Johnson, 204 F.3d 168, 171-73 (5th Cir. 2000) (no equitable tolling based on pro se status or inadequate prison library); Ott v. Johnson, 192 F.3d 510, 513-14 (5th Cir. 1999) (no equitable tolling where petitioner waited to file state application until one day before limitations ran); Coleman v. Johnson, 184 F.3d 398, 401 (5th Cir. 1999) (per curiam) (no equitable tolling for seven-week delay between submission of state habeas petition to prison officials and date petition was file-stamped); Turner v. Johnson, 177 F.3d 390, 391-92 (5th Cir. 1999) (per curiam) (no equitable tolling based on unfamiliarity with legal process or lack of representation); Fisher v. Johnson, 174 F.3d 710, 712-13 (5th Cir. 1999) (no equitable tolling where petitioner did not receive notice of the AEDPA's effective date until forty-three days after its effective date and he spent seventeen days in a psychiatric unit).

It is respectfully recommended that the Court find that petitioner has not offered any legitimate reason to explain why he did not timely file his federal

habeas petition. It is further respectfully recommended that the Court find that he has failed to establish that he is entitled to equitable tolling of AEDPA's one-year statute of limitations.

**B.      Petitioner's Claims Are Without Merit.**

    **1.      Due Process Claims.**

Petitioner asserts that his due process rights are being violated by his continued confinement by TDCJ-CID because: (1) the immigration judge ordered him deported on March 10, 2004; and (2) his deportation date was changed without a hearing. (D.E. 1, at 2-4). Respondent argues that the deportation order does not set forth a date by which petitioner must be deported, but rather his deportation date is regulated by federal statute. (D.E. 16, at 6).

An alien that is ordered removed from the United States is to be removed by the Attorney General within a ninety-day period. 8 U.S.C. § 1231(a)(1)(A). The ninety-day removal period for aliens that are confined, except under the immigration process, does not begin until the date that the alien is released from confinement. 8 U.S.C. § 1231(a)(1)(B); see also Rosales v. Bureau of Immigration & Customs Enforcement, 426 F.3d 733, 737 (5th Cir. 2005) (per curiam) ("removal period does not start until his state term of incarceration ends"). The governing statute specifically addresses aliens that are imprisoned stating that the "Attorney General may not remove an alien who is sentenced to imprisonment until the alien

is released from imprisonment.  Parole, supervised release, probation, or possibility of arrest for further imprisonment is not a reason to defer removal."  8 U.S.C. § 1231(a)(4)(A).

There is an exception to this general rule prohibiting the removal of an alien until he has been released from custody.  An alien in State custody convicted of a non-violent crime can be removed prior to serving his full sentence if the chief State official determines "removal is appropriate and in the best interest of the State," and submits a written request to the Attorney General that said alien be removed.  8 U.S.C. § 1231(a)(4)(B)(ii).  It is respectfully recommended that this exception is not applicable to petitioner.

Removal proceedings were commenced after petitioner was convicted on three counts of sexual assault.  (D.E. 16, at Ex. D, *1).  On March 10, 2004, an immigration judge ordered him removed from the United States to Mexico.  Id. at *4.  He is currently serving three concurrent fifteen-year sentences with TDCJ-CID.  Id. at Ex. A, *1-3.  His release date if he were to serve the maximum sentence is December 11, 2017; however, he becomes eligible for parole review on September 11, 2006.  Id.  When petitioner is released from TDCJ-CID, the ninety-day removal period will commence, and the DOJ will schedule and arrange his removal from the United States.

It is respectfully recommended that the Court find that petitioner's claim that

he was denied due process of the law is without merit because his deportation date is governed by federal statute, and not TDCJ-CID. It is further respectfully recommended that the Court find that petitioner's deportation date has not been changed, but rather the ninety-day removal period has not begun because petitioner is still in TDCJ-CID custody, and therefore, his claim is without merit.

    **2.    Time Credit And Release On Mandatory Supervision Claim.**

Petitioner claims that:

> McConnell Unit's Warden (P. Morales), has failed to approve the administrative appeal, which means that the Warden's office will not credit Petitioner for the final fractional year of a sentence, must be pro-rated (i.e., based upon actual time served). The Warden's office refusal to re-calculate petitioner's credits based upon each year of his sentence. See **White v Scribana, 314 F.Supp.2d 834 (W.D. Wis. 2004)**. Or, if the Immigration Judge's (J.L. Benton) order to deport Petitioner to Mexico by March 10, 2004 deadline, is discarded and any state statute to allow a parole panel decision, "to deny Mandatory Supervision Release," is unconstitutional.

(D.E. 1, at 2). It is unclear the exact nature of petitioner's claim. He appears to be alleging that his sentence is not being properly calculated. He does not, however, provide the Court with a clear explanation, or detailed facts to support this allegation.

The case cited by petitioner, <u>White v. Scibana</u>, involves a federal prisoner's request that he be given fifty-four days of good time credits for each year of his sentence, rather than for each year he had actually served, which was granted by a

federal district court. 314 F. Supp.2d 834 (W.D. Wis. 2004), rev'd, 390 F.3d 997 (7th Cir. 2004). The Fifth Circuit addressed the same issue in Sample v. Morrison, 406 F.3d 310 (5th Cir. 2005), and noted that good time credits are earned on an annual basis, rather than in advance. Id. at 312.

Petitioner's claim could be liberally construed as to allege that he is entitled to a minimum statutory amount of good time credits for each year of his sentence, rather than good time credits for each year actually served. However, he provides no support for his allegations, and fails to discuss relevant controlling case law that indicates he would not be entitled to good time credits for years of his sentence not yet served. The Fifth Circuit has held that mere conclusory allegations do not raise constitutional issues in habeas proceedings. Ross v. Estelle, 694 F.2d 1008, 1012 (5th Cir. 1983) (per curiam).

Petitioner also appears to argue that his constitutional rights were violated by the TDCJ-CID because he has been denied release on mandatory supervision. (D.E. 1, at 2). According to prison records, petitioner is not eligible for mandatory supervised release. He has not provided the Court with additional information, or support as to why he is entitled to mandatory supervised release.

It is respectfully recommended that the Court find petitioner's claims challenging the calculation of his sentence, and the determination that he is not eligible for mandatory supervised release are wholly conclusory, and meritless. It is

further respectfully recommended that the Court find his claim that he is entitled to good time credits in advance for years not yet served contradicts controlling circuit case law, and therefore, is meritless.

### VII.  CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A).  Although petitioner has not yet filed a notice of appeal, it is respectfully recommended that this Court nonetheless address whether he would be entitled to a certificate of appealability.  See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (A district court may sua sponte rule on a certificate of appealability because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court.  Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A certificate of appealability "may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537

U.S. 322, 336 (2003).  To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000).  This standard requires a § 2254 petitioner to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further.  United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon Slack, 529 U.S. at 483).

As to claims that a district court rejects solely on procedural grounds, a petitioner must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Slack, 529 U.S. at 484 (emphasis added).

In this case, it is respectfully recommended that reasonable jurists could not debate the denial of petitioner's § 2254 petition on substantive or procedural grounds nor find that the issues presented are adequate to deserve encouragement to proceed.  Miller-El, 537 U.S. at 327 (citing Slack, 529 U.S. at 484).

Accordingly, it is respectfully recommended that the Court find that petitioner is not entitled to a certificate of appealabilty.

## VIII.  RECOMMENDATION

For the foregoing reasons, it is respectfully recommended that respondent's motion for summary judgment be granted.  It is further respectfully recommended that petitioner's petition be dismissed with prejudice because all of his claims are unexhausted, time barred, and without merit.  Finally, it is respectfully recommended that petitioner be denied a certificate of appealability.

Respectfully submitted this 22nd day of December 2005.

_____
BRIAN  L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

## **NOTICE TO PARTIES**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C); Rule 72(b) of the Federal Rules of Civil Procedure; Rule 8(b) of the Rules Governing § 2254 Cases; and Article IV, General Order No. 80-5, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).